# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **AGSTAR FINANCIAL SERVICES, PCA,** | : | Case No. 3:10-cv-00129 |
| | : | |
| **Plaintiff,** | : | Judge James G. Carr |
| | : | |
| -vs- | : | **PERMANENT PARCEL NOS.:** |
| | : | |
| **VREBA-HOFF DAIRY DEVELOPMENT,** | : | PAULDING COUNTY: |
| **LLC,** *et al.*, | : | PPN:  0321S00600 |
| | : | PPN:  0328S00500 |
| **Defendants.** | : | |
| | : | VAN WERT COUNTY: |
| | : | PPN:  1-000692.0000 |
| | : | PPN:  1-000692.0300 |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FORECLOSURE DECREE AND JUDGMENT ENTRY

This cause came to be heard on Plaintiff AgStar Financial Services, PCA's ("AgStar" or "Plaintiff") *Complaint for Breach of Contract, Foreclosure, and Other Relief* (the "Complaint") filed on January 19, 2010, AgStar's unopposed *Motion for Summary Judgment* (the "Motion") filed on May 14, 2010, and this Court's July 13, 2010, Order Confirming Sale of Receivership Property Free and Clear of all Liens and Encumbrances, and any Right of Redemption (the "Confirmation Order") and the evidence submitted therewith.

The Court finds that all necessary parties have been served with the Complaint and a summons according to law and all parties are properly before the Court.

The Court further finds that all necessary parties have either answered the Complaint or have had an Entry of Default entered against them for failure to answer (collectively, but not including the Paulding County Treasurer and/or the Van Wert County Treasurer as defined herein, the "Defendants").

71428044.1

The Court further finds and concludes that, notwithstanding any defense, affirmative defense, or counterclaim, whether asserted or unasserted, there exists no genuine issue of material fact and that AgStar is entitled to judgment as a matter of law, as set forth herein, on Counts One through Five of its Complaint against Defendants Vreba-Hoff Dairy Development, LLC ("Vreba-Hoff Development), Vreba-Hoff Dairy Leasing, LLC ("Vreba-Hoff Leasing"), Vreba-Hoff Holdings, LLC ("Vreba-Hoff Holdings"), Wilhelmus Van Bakel ("Van Bakel"), John H. Vander Hoff ("Vander Hoff"), and Dirk Zwier Maat ("Maat") (collectively, the "Borrowers")

The Court therefore **GRANTS** the Motion in its entirety.

The Court finds that Defendant Lou Ann Wannemacher, Paulding County Treasurer ("Paulding Treasurer"), has been paid all real estate taxes shown as due and owing on the Paulding County Treasurer's tax records as of the sale of the Property.

The Court further finds that Defendant Beverly A. Fuerst, Van Wert County Treasurer ("Van Wert County Treasurer"), has been paid all real estate taxes shown as due and owing on the Paulding County Treasurer's tax records as of the sale of the Property.

The Court further finds that in order to secure payment of funds due and owing under the Notes,[1] Vreba-Hoff Dairy Leasing, LLC executed and delivered to AgStar the Mortgages, thereby encumbering Borrowers' interest in the Mortgaged Premises.  The Mortgaged Premises are more specifically described in the legal descriptions, which are included in the Appendix to the Complaint as Exhibit 8.  (ECF No. 2 – 1, pp. 86 – 88.)

The Court further finds that the Mortgages were duly and timely filed with the Office of the Recorder of Paulding County, Ohio and the Office of the Recorder of Van Wert County,

---

[1] All capitalized terms not herein defined shall have the same meaning as set forth in the Complaint.

71428044.1  2

Ohio. Said Mortgages became a valid, first mortgage lien upon the Mortgaged Premises, subject only to the liens of the Paulding County Treasurer and the Van Wert County Treasurer for unpaid real estate taxes.

The Court further finds that on the First Claim for Relief, there is justly due and owing to AgStar by Defendants Vreba-Hoff Leasing, Van Bakel, Vander Hoff, and Maat, jointly and severally, on the 6100 Note, in the amount of $3,807,820.77, consisting of principal in the amount of $3,636,294.63, accrued interest in the amount of $109,750.32, and late charges in the amount of $61,775.82, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the principal balance of $3,636,294.63, (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 6100 Note.

The Court further finds that on the Second Claim for Relief, there is justly due and owing to AgStar by Defendant Vreba-Hoff Development, on the 200 Note, in the amount of $219,017.95, consisting of principal in the amount of $207,008.35, interest in the amount of $8,407.83, and late charges in the amount of $3,601.77, plus: (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the principal balance of $207,008.35; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 200 Note.

The Court further finds that on the Third Claim for Relief, there is justly due and owing to AgStar by Defendants Vreba-Hoff Development, Vreba-Hoff Holdings and Van Bakel, jointly and severally, on the 900 Note, in the amount of $528,122.00 consisting of principal in the amount of $500,000.00, interest in the amount of $20,208.30, and late charges in the amount of $7,913.70, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on

the principal balance of $500,000.00; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 900 Note.

The Court further finds that on the Fourth Claim for Relief, there is justly due and owing to AgStar by Defendants Vreba-Hoff Development, Vreba-Hoff Holdings and Van Bakel, jointly and severally, on the 40000 Note, in the amount of $423,584.59 consisting of principal in the amount of $400,000.00, interest in the amount of $17,074.26, and late charges in the amount of $6,501.33, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the principal balance of $400,000.00; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 40000 Note.

The Court further finds that, on the Fifth Claim for Relief, certain conditions in the Mortgages have been broken by, among other reasons, the Borrowers' failure to make all payments due under the Notes. Therefore, AgStar is entitled to have the Mortgages foreclosed and proceeds from the sale of the Mortgaged Premises by the Receiver applied in payment of AgStar's claims and in the order of priority set forth below.

The Court further finds that pursuant to this Court's Confirmation Order, the Mortgaged Premises have been sold free and clear of all liens and the equity of redemption of Borrowers has been forever cut off and barred.

The Court further finds that AgStar is entitled to all fees and expenses and all costs of collection on the Notes, including without limitation filing fees, title costs, and attorneys' fees and expenses. The Court further finds that AgStar has incurred the fees and the costs as a result of the prosecution of this matter, for which AgStar may petition the Court at a later date.

The Court further finds that there is no just reason for delay in entering final judgment in favor of AgStar.

The Court further finds that Defendants may claim an interest or lien upon the Mortgaged Premises as set forth in their respective pleadings filed herein, but that any right, title, interest, claim or lien that these Defendants may have is subordinate to the liens of AgStar.

It is therefore ORDERED, ADJUDGED, AND DECREED that the equity of redemption of all Borrowers in and to the Mortgaged Premises is foreclosed.

It is further ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of AgStar and against Borrowers in the full amount due under the Notes.

It is further ORDERED, ADJUDGED, AND DECREED that the proceeds from the sale of the Mortgaged Premises, which sale occurred on July 6, 2010, shall be distributed by the Receiver, Elizabeth M. Lynch, as follows:

**First:** To AgStar, the amount due under the 6100 Note, plus post judgment interest, expenses, and title costs as set forth below; and

**Second:** The balance, if any, to be held by the Receiver pending further order of this Court.

It is further ORDERED, ADJUDGED, AND DECREED that there may be due to AgStar additional sums advanced by it under the terms of the Notes to pay real estate taxes, insurance premiums, property protection, and attorneys' fees, which sums are to be determined by further Order, and paid as a "Second" priority as provided above.

It is further ORDERED, ADJUDGED, AND DECREED that Defendants Vreba-Hoff Leasing, Van Bakel, Vander Hoff, and Maat are jointly and severally liable to AgStar on the 6100 Note in the amount of $3,807,820.77, consisting of principal in the amount of $3,636,294.63, accrued interest in the amount of $109,750.32, and late charges in the amount of $61,775.82, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on

the principal balance of $3,636,294.63, (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 6100 Note.

It is further ORDERED, ADJUDGED, AND DECREED that Defendant Vreba-Hoff Development is liable to AgStar on the 200 Note in the amount of $219,017.95, consisting of principal in the amount of $207,008.35, interest in the amount of $8,407.83, and late charges in the amount of $3,601.77, plus: (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the principal balance of $207,008.35; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 200 Note.

It is further ORDERED, ADJUDGED, AND DECREED that Defendants Vreba-Hoff Development, Vreba-Hoff Holdings, and Van Bakel are jointly and severally liable to AgStar on the 900 Note in the amount of $528,122.00 consisting of principal in the amount of $500,000.00, interest in the amount of $20,208.30, and late charges in the amount of $7,913.70, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the principal balance of $500,000.00; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 900 Note.

It is further ORDERED, ADJUDGED, AND DECREED that Defendants Vreba-Hoff Development, Vreba-Hoff Holdings and Van Bakel are jointly and severally liable to AgStar on the 40000 Note in the amount of $423,584.59 consisting of principal in the amount of $400,000.00, interest in the amount of $17,074.26, and late charges in the amount of $6,501.33, plus (i) interest at the default rate of 10.25% per annum from December 16, 2009 on the

principal balance of $400,000.00; (ii) all costs and charges incurred in the collection or enforcement thereof, including attorneys' fees and court costs; and (iii) all other amounts and charges due and owing under the 40000 Note.

**IT IS SO ORDERED.**

s/ James G. Carr
_____
Judge James G. Carr, United States District Court Judge for the Northern District of Ohio

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, a true and correct copy of the Order Granting Plaintiff's Motion for Summary Judgment, Foreclosure Decree and Judgment Entry was filed electronically. Notification of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

In addition, I certify that on August 26, 2010, a true and correct copy of the Order Granting Plaintiff's Motion for Summary Judgment, Foreclosure Decree and Judgment Entry was served upon the following by first class United States Mail, postage prepaid.

| | |
|---|---|
| Waste Galore, Inc.<br>3315 S. 250 W<br>Rensselaer, IN  47978 | *Defendant* |
| Lou Ann Wannemacher<br>PAULDING COUNTY TREASURER<br>115 North Williams Street<br>Paulding, OH  45879 | *Defendant* |
| Beverly A. Fuerst<br>VAN WERT COUNTY TREASURER<br>121 E. Main Street<br>Van Wert, OH  45891 | *Defendant* |

/s/ William J. Stavole
WILLIAM J. STAVOLE (0040828)
(wstavole@taftlaw.com)
KIMBERLIE L. HUFF (0072988)
(khuff@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Phone:  (216) 241-2838
Fax:  (216) 241-3707

*Attorneys for Plaintiff*